UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      **CENTRAL DIVISION at LEXINGTON**

MARCIE RUSHING,                  )
                                 )
     Plaintiff,                  )  Action No. 5:11-cv-419-JMH
                                 )
v.                               )
                                 )
CHASE AUTO FINANCE CORP.,        )  **MEMORANDUM OPINION AND ORDER**
LEADING EDGE RECOVERY            )
SOLUTIONS, LLC,                  )
                                 )
     Defendants.                 )
                                 )
                                 )


                     **      **   **   **   **

     This matter is before the Court upon Defendants' motion to dismiss Plaintiff's Complaint, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 14]. The Plaintiff has responded, [DE 23], and Defendants have filed a reply, [DE 25]. Defendants have also filed a motion for oral argument.[1] [DE 24]. The Court, having reviewed the record and being otherwise adequately advised, finds Defendants' motions ripe for ruling. For the following reasons, Defendants' motion to dismiss will be granted in part and denied in part.

---

[1] As this matter does not involve complex or novel legal issues, oral argument would not assist the Court in its resolution of Defendants' motion to dismiss. Accordingly, Defendants' motion for oral argument will be denied.

**I.   BACKGROUND**

This dispute arises from a loan that Plaintiff Marcie Rushing obtained from Defendant Chase Auto Financing Corporation[2] ("Chase") to purchase an automobile. According to Plaintiff, she made all payments required under her agreement with Chase, with her final payment being credited to her account with Chase on April 16, 2009. She reports that, in June of 2009, Chase provided a "Title Lien Release Statement," which was noted in the Kentucky Transportation Cabinet vehicle database and on her Certificate of Title for the automobile. Plaintiff contends that, the following month, Chase made an unauthorized electronic withdrawal from her bank account in the amount of $294.71. Later that month, that amount was refunded to the bank account. Plaintiff avers that later, in November of 2009, Chase made "adjustments" to her account, which were not part of the original loan agreement and "falsely created an additional indebtedness" on her account with Chase. Plaintiff says that, in December 2010, after a series of "account adjustments," Chase elected to charge off the loan, despite the fact that she had complied with and made all payments under the original loan agreement.

---

[2] In the motion to dismiss, Defendants report that Plaintiff has incorrectly designated Defendant Chase as "Chase Auto Finance Corp.," while the correct name is JPMorgan Chase Bank, N.A.

2

Plaintiff Rushing further contends that when she later attempted to obtain consumer credit, she learned that Chase had furnished information to Experian, Trans Union, and Equifax indicating that her loan had been charged off. In January of 2011, Plaintiff apparently contacted Chase directly, requesting that Chase designate the loan as having been paid in full. The following month, Plaintiff was again denied credit, with the charge off by Chase being cited as a factor. Plaintiff states that in February 2011, she received a letter from Chase, reporting that $293.05 had been refunded to her bank account. Plaintiff contends that the amount was not actually refunded and that the letter contained other material misrepresentations concerning account activity that had occurred in July of 2010 and the amount owed to Chase.

In May, 2011, the credit limit on Plaintiff's credit card was reduced due to "serious past or present deliquency at the bureau." On or around June 16, 2011, Plaintiff sent dispute letters to Experian, Equifax, and Trans Union. She subsequently received responses from CSC Credit Services, on behalf of Experian, and from Trans Union, stating that Chase continued to report the account as delinquent. In August of 2011, Plaintiff received a demand letter from Defendant Leading Edge Recovery Solutions, LLC ("Leading Edge"), claiming that $321.97 was due on Plaintiff's account with Chase. The following month,

Plaintiff, through her attorney, sent a letter disputing the debt to Leading Edge. Leading Edge continued its attempts to collect the alleged debt through collection letters issued to Plaintiff.

Plaintiff alleges that, based on the foregoing events, Chase violated the Fair Credit Reporting Act, committed the torts of invasion of privacy/intrusion upon seclusion and defamation, breached the loan agreement that it entered into with Plaintiff, and violated the Kentucky Consumer Protection Act. Further, Plaintiff alleges that Leading Edge violated the Fair Debt Collection Practices Act and the Kentucky Consumer Protection Act. Defendants move to dismiss all claims save Plaintiff's claims against Chase for breach of contract and defamation.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and must accept as true "well-pleaded facts" set forth in the complaint. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88

4

(6th Cir. 1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim to relief that is plausible on its face," then the claims must be dismissed. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 542 (6th Cir. 2007). Further, the complaint must establish "enough fact to raise a reasonable expectation that discovery will reveal evidence" to show the averments are factually plausible. *Twombly,* 550 U.S. at 556. While the Court presumes all factual allegations to be true and makes all reasonable inferences in favor of Plaintiff, the Court does not have to accept "unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008)(citations omitted). If the "complaint does not contain any factual allegation sufficient to plausibly suggest" each essential element of the averred violation, it does not contain enough factual content to nudge the claim across the line from conceivable to plausible and must be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 680-83 (2009).

**III. DISCUSSION**

    **A. Fair Credit Reporting Act**

Plaintiff contends that Defendant Chase violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2, with respect to the disputed debt in a number of ways. The FCRA imposes

5

certain obligations upon those who furnish information ("furnishers") to consumer reporting agencies (CRAs). *See Stafford v. Cross Country Bank,* 262 F. Supp. 2d 776, 782-83 (W.D. Ky. 2003). A private right of action exists for consumers harmed by furnishers' violations of the duties enumerated in § 1681s-2(b). *Id.* at 783. This provision provides that once a CRA notifies a furnisher that a consumer disputes information the furnisher provided, the furnisher is required to conduct an investigation, review all relevant information provided by the CRA, and report the results of the investigation to the CRA. 15 U.S.C. § 1681s-2(b)(1)(A)-(C). Additional obligations are imposed when the furnisher's investigation reveals that the information provided was incomplete or inaccurate or when the information cannot be verified. *Id.* at (D), (E). Defendants argue that Plaintiff's claim actually originates under 15 U.S.C. § 1681s-2(a), which establishes a furnisher's duty to provide accurate information and can only be enforced by government officials. *See Stafford,* 262 F. Supp. 2d at 782-83 (citing 15 U.S.C. § 1681s-2(d)). Because Plaintiff's Complaint avers facts sufficient to support a claim under § 1681s-2(b), however, Defendants' motion to dismiss this claim will be denied.

CRAs are required, after receiving a consumer's notice of dispute, to provide notice of the dispute to any person who furnished the disputed information. 15 U.S.C. § 1681i(2)(A).

6

It is only after the furnisher receives notice from a CRA that its duties arise under § 1681s-2(b). *See Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853-54 (6th Cir. 2004). Plaintiff avers that, on or about June 16, 2011, she sent dispute letters to Experian, Equifax, and Trans Union. By statute, these CRAs were required to provide notice of the dispute to Chase within five business days of their receipt of Rushing's dispute letters. *See* 15 U.S.C. § 1681i(2)(A). Focusing on Plaintiff's use of terms such as "accurately" and "correctly," Defendants characterize Plaintiff's claims as merely challenging the correctness of Chase's representations regarding the debt and, thus, arising under § 1681s-2(a). While Defendants correctly observe that Plaintiff cannot enforce Chase's duty to provide accurate information under § 1681s-2(a), Plaintiff has sufficiently stated a claim under § 1681s-2(b). Importantly, Plaintiff's claims that Chase failed to "fully and properly" investigate the dispute are reasonably construed as a challenge to the reasonableness of Chase's investigation. It would be inappropriate for the Court to dismiss Plaintiff's claim simply because Chase claims that it conducted "an investigation" regarding the dispute. *See Best v. West Point Bank,* Action No. 3:07-cv-227-S, 2008 WL 793641, at *2 (W.D. Ky. March 24, 2008)(citing *Stafford,* 262 F. Supp. 2d at 783)(§ 1681s-2(b)(1)(A) requires furnisher of information to conduct a

7

reasonable investigation with respect to disputed information); *see also Johnson v. MBNA Am. Bank, NA,* 357 F.3d 426, 430-31 (4th Cir. 2004)("It would make little sense to conclude that, in creating a system intended to give consumers a means to dispute – and, ultimately, correct – inaccurate information on their credit reports, Congress used the term 'investigation' to include superficial, *un*reasonable inquiries by creditors.")(emphasis in original). Plaintiff also avers that Chase failed to review all relevant information regarding the dispute, in violation of § 1681s-2(b). Accordingly, Defendants' motion to dismiss with respect to Plaintiff's claim against Chase under the Fair Credit Reporting Act will be denied.

**B. Invasion of Privacy/Intrusion Upon Seclusion**

As an initial matter, the Court will consider Defendants' argument that Plaintiff's claim for invasion of privacy is preempted by 15 U.S.C. § 1681t(b)(1)(F). This provision provides that "[n]o requirement or prohibition may be imposed under the laws of any State – (1) with respect to any subject matter regulated under - . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." The FCRA contains another preemption provision, however, which states

> [e]xcept as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of

8

>   privacy, or negligence with respect to . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Courts have recognized that the two preemption provisions overlap and, upon first glance, seem contradictory. *Miller v. Wells Fargo & Co.,* Civil Action No. 3:05-CV-42-S, 2008 WL 793676, at *7 (W.D. Ky. March 24, 2008)(citing *Stafford,* 262 F. Supp. 2d at 784; *Manno v. Gen. Fin. Co.,* 439 F. Supp. 2d 418, 424 (E.D. Pa. 2006); *Johnson v. Citimortgage, Inc.,* 351 F. Supp. 2d 1368, 1373 (N.D. Ga. 2004)). In *Miller,* 2008 WL 793676, the United States District Court for the Western District of Kentucky adopted what is commonly referred to as the "statutory approach" to interpreting these seemingly inconsistent preemption provisions. In *Miller,* the Court applied traditional canons of statutory construction to determine that § 1681t(b)(1)(F), which was enacted after § 1681h(e), operates as a bar to claims brought under state statutes, as opposed to claims under state common law. Shortly after the *Miller* decision was issued, the U.S. District Court for the Eastern District of Kentucky issued its opinion in *Marcum v. G.L.A. Collection Co., Inc.,* 646 F. Supp. 2d 870 (E.D. Ky. 2008), affirming this Court's approval of the statutory approach with respect to the FCRA's preemption provisions. For the reasons stated in that opinion, as well as in *Miller,* the

9

Court declines Defendants' invitation to reconsider the Court's decision to adopt the statutory approach.

In addition to arguing that Plaintiff's invasion of privacy claim is preempted by the FCRA, Defendants argue that Plaintiff fails to state a claim upon which relief can be granted. The Court agrees with Defendants. The portion of Plaintiff's Complaint devoted to her invasion of privacy claim contains nothing more than a formulaic recitation of the elements required to establish a cause of action for this tort. *See Iqbal,* 556 U.S. at 678 (internal citations omitted) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). Plaintiff has failed to identify any specific act that constitutes an intentional intrusion upon her privacy, nor does she describe the reasonable privacy interest upon which Defendant allegedly intruded. *See Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 821-22 (W.D. Ky. 2003)(citing Restatement (Second) of Torts § 652B)(describing elements of invasion of privacy)). Accordingly, Plaintiff's claim against Chase for invasion of privacy/intrusion upon seclusion will be dimissed.[3]

---

[3] The Court notes that Count II of Plaintiff's Complaint also states a claim for defamation, which Defendants have not moved to dismiss. Although defamation was not included in the heading for Count II, the claim was clearly stated in paragraphs fifty-nine and sixty and thus, gave Defendants fair notice of the claim and the grounds upon which it rests. *See Twombly,* 550 U.S. at 546 (describing requirements of Fed. R. Civ. P. 8(a)(2)).

10

**C.   Fair Debt Collection Practices Act**

Plaintiff alleges that the acts of Defendant Leading Edge constitute violations of the Fair Debt Collection Practices Act, ("FDCPA"). Notably, Plaintiff alleges that Leading Edge violated the FDCPA by attempting to collect a debt that it knew did not exist.  She avers that, after she notified Leading Edge that she disputed the debt it was attempting to collect, Leading Edge responded with a "false" account history and continued its attempts to collect amounts not contemplated by Plaintiff's agreement with Chase.  Plaintiff contends that this conduct violates provisions of the FDCPA, including 15 U.S.C. § 1692e, which prohibits "[t]he false representation of (A) the character, amount, or legal status of any debt," as well as § 1692f, which prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Defendants are correct that a debt collector's attempt to collect a disputed debt, without more, does not automatically constitute a violation of the FDCPA.  *See Chambers v. Habitat Co.,* 68 F. App'x 711, 715 (7th Cir. 2003)("[T]he FDCPA is concerned with unlawful debt collection practices, not mere disputes over the legality of the underlying debts . . . .").  Plaintiff's allegations go well beyond that, however, and state a plausible claim for violations of the FDCPA.  *See Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1269

11

(11th Cir. 2011)(claims were cognizable under FDCPA where Plaintiff alleged that debt collector had misrepresented amount of debt and sought to collect amount in excess of that agreed upon by debtor and creditor). Accordingly, Defendants' motion to dismiss Plaintiff's claims under the FDCPA will be denied.

**D. Kentucky Consumer Protection Act**

Plaintiff alleges that she has sustained damages as the result of both Defendants' violations of the Kentucky Consumer Protection Act ("KCPA"). As previously discussed in this Opinion, this Court follows the statutory approach with respect to the FCRA and state law claims. Accordingly, Plaintiff's statutory claims against Defendant Chase are preempted by the Fair Credit Reporting Act and will be dismissed. *See Miller*, 2008 WL 793676, at *7.

Defendants argue that Plaintiff's KCPA claims against Leading Edge must be dismissed, as well, because there is no privity of contract between the two parties. Plaintiff concedes that Kentucky law requires privity of contract for a claim under the KCPA, *see* KRS 367.220; *Skilcraft Sheetmetal, Inc. v. Ky. Machinary, Inc.,* 836 S.W.2d 907, 909 (Ky. Ct. App. 1992), but argues that the parties should be permitted to engage in discovery to determine whether Plaintiff was in privity with Leading Edge. Kentucky law defines privity of contract as "[t]he relationship between parties to a contract, allowing them

12

to sue each other but preventing a third party from doing so." *Presnell Constr. Managers, Inc. v. EH Constr., LLC,* 134 S.W.3d 575, 579 (Ky. 2004)(citing Black's Law Dictionary 1217 (7th ed. 1999)). While Plaintiff contends that privity exists "because of the close ties" between Chase and Leading Edge, she provides no legal authority for her position. And, although she distinguishes the case sub judice from *Tallon v. Lloyd and McDaniel,* 497 F. Supp. 2d 847 (W.D. Ky. 2007), she provides no facts or law suggesting that privity of contract between Plaintiff and Leading Edge could ever be established. While the Court construes Plaintiff's Complaint in the light most favorable to her, to deny Defendants' motion to dismiss with respect to this claim would require the Court to make unwarranted factual inferences, which it will not do. Accordingly, Plaintiff's claims under the Kentucky Consumer Protection Act will be dismissed.

**E. Damages**

Defendants argue that Count VII of Plaintiff's Complaint, styled "Damages," should be dismissed because it fails to state a claim upon which relief can be granted. While it is true that Count VII does not state a stand-alone cause of action, the Court construes it as part of the demand for relief that Plaintiff has included pursuant to Federal Rule of Civil

13

Procedure 8(a)(3). Accordingly, the Court will not dismiss this portion of Plaintiff's Complaint.

**IV. CONCLUSION**

Based on the foregoing, **IT IS ORDERED:**

1) That Defendants' motion for oral argument, [DE 24], is **DENIED;** and

2) That Defendants' motion to dismiss, [DE 14], is **GRANTED IN PART** and **DENIED IN PART.**

The following claims are hereby **DISMISSED:**

a) Plaintiff's claim for invasion of privacy/intrusion upon seclusion; and

b) Plaintiff's claims under the Kentucky Consumer Protection Act.

This the 15th day of May, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

14